UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

AUBURN ACE HOLDINGS LLC

    Debtor

AUBURN ACE HOLDINGS LLC,

    Plaintiff,

    v.

CENTURION FINANCIAL GROUP, LLC, *et al.*,

    Defendants.

Case No.  C09-0909RSL

Bankruptcy No. 08-12687
Internal Appeal No. 09-S011
Adversary No. 08-01129

ORDER DENYING AND DISMISSING APPEAL

## I. INTRODUCTION

This matter comes before the Court on an appeal from an order of the United States Bankruptcy Court for the Western District of Washington.  Auburn Ace Holdings, LLC ("Auburn Ace") appeals a decision by the bankruptcy court granting motions for summary judgment filed by Centrum Financial Services, Inc. and Wells Fargo[1] (collectively, "Centrum").

---

[1] Centrum assigned an interest in the loan documents and deed of trust at issue in this case to Wells Fargo, N.A.  Because Wells Fargo's interest arises solely from the assignment, the

ORDER DENYING AND
DISMISSING APPEAL - 1

In the bankruptcy action, Auburn Ace sought to have Centrum's deed of trust on Auburn Ace's property invalidated and title to the property quieted against Centrum's claims. The bankruptcy court granted Centrum's motion for summary judgment for two reasons, holding that (1) Auburn Ace's president had authority to enter into a loan with Centrum, so Auburn Ace is responsible for the loan, and (2) Auburn Ace waived its right to challenge the foreclosure by failing to comply with Washington's Deed of Trust Act. Because the Court finds that summary judgment was properly granted on the first issue, it need not decide whether the second issue also supported summary judgment.

For the reasons set forth in this Order, the Court denies the appeal.

## II. DISCUSSION

**A.   Background.**

Auburn Ace is owned in equal parts by Third Century and Plan B. Ben Errez, the president of Auburn Ace, is the only member of Plan B. Patrick and Janice Cavanaugh are the members of Third Century. Auburn Ace's board of directors included four members, two each from Third Century (the Cavanaughs) and Plan B (Errez and Marty Loesch). Declaration of Patrick Cavanaugh, (Dkt. #154)[2] ("Cavanaugh Decl.") at ¶ 3.

Auburn Ace planned to develop some of its property (the "property") and needed financing to do so. Errez set about obtaining that financing. In November 2006, Errez informed Auburn Ace's board of directors that he was negotiating for a construction loan with Summit Financial Group. Errez requested that the board issue a resolution authorizing him to obtain a loan. The board members issued the resolution. Among other terms, the resolution authorized Errez to obtain a loan "upon other terms and conditions as selected or approved by Ben Errez."

---

Court refers to both entities collectively as "Centrum" as the parties do.

[2] Docket numbers in this order refer to entries in the underlying bankruptcy matter, Adversary No. 08-01129.

ORDER DENYING AND
DISMISSING APPEAL - 2

Declaration of Elizabeth Baker, (Dkt. #1) ("Baker Decl."), Ex. 1.  Errez did not obtain a loan with Summit Financial Group.  Instead, in December 2006, he submitted an application to Centrum for a loan in the amount of $5,550,000.  Centrum subsequently approved the loan and released the loan proceeds in December 2006 and January 2007.

In October 2007, Plan B filed a demand for arbitration with Third Century, seeking, among other relief, an order authorizing Plan B to sell the property to raise capital.  Third Century brought a counterclaim against Plan B and Errez alleging, among other claims, that Errez had taken out unauthorized loans for his personal benefit using Auburn Ace's property as security.  Ultimately, the arbitrator found that Third Century did not authorize the loans and that Errez and Plan B breached their fiduciary duties to Auburn Ace.

Centrum brought a foreclosure action in January 2008.  In April 2008, Third Century filed a derivative action on behalf of Auburn Ace alleging various claims against Centrum, including a violation of the Washington Criminal Profiteering Act, RCW 9A.82, *et seq*.  Shortly after filing the action, Third Century obtained a temporary restraining order halting the impending foreclosure sale.  Third Century also filed a motion for a preliminary injunction to restrain the sale of the property while litigation was pending; that motion was denied.  Immediately after the court denied the motion for a preliminary injunction, Auburn Ace filed a bankruptcy petition.  The derivative lawsuit was then removed to the Bankruptcy Court as an adversary action.  As part of the adversary action, Centrum filed a third-party complaint against the law firm of Stafford Frey Cooper, accusing the firm of negligently representing the enforceability of Centrum's note.  The Court will address by separate order the appeal of the bankruptcy court's order granting Stafford Frey Cooper's motion for summary judgment.

**B.    Analysis.**

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1), which provides that district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees."  The Court reviews the grant of a motion for summary judgment *de novo*.  See, e.g., Sznewajs v. United

ORDER DENYING AND
DISMISSING APPEAL - 3

States Bancorp Amended & Restated Supp. Benefits Plan, 572 F.3d 727, 732 (9th Cir. 2009). The Court can affirm on any basis supported by the record. See, e.g., Dittman v. California, 191 F.3d 1020, 1027 n.3 (9th Cir. 1999). The Court finds that Errez had the authority to enter into the contract with Centrum, and even if he did not, Auburn Ace ratified it.

### 1. Authority to Bind the Company.

The bankruptcy court found that Errez had the actual or apparent authority to bind Auburn Ace to the Centrum loan. Both types of authority turn on the principal's objective manifestations. With actual authority, the manifestations are to the agent. See, e.g., King v. Riveland, 125 Wn.2d 500, 507 (1994). The existence of apparent authority turns on whether the principal has made objective manifestations to a third party that the agent has the authority to bind the principal. Id. In this case, Auburn Ace notes that its LLC agreement requires approval of the board of directors for any loan or security interest in the company's property in excess of $100,000. However, after that agreement was drafted, Auburn Ace conveyed actual authority to Errez by the resolution, which explicitly authorized Errez to borrow money, up to $20 million, and to grant security interests in Auburn Ace's property. Although Errez contends that he promised the Cavanaughs that he would seek their approval for any specific loan, the resolution does not require him to do so. In fact, it grants him full authority to act without further approval from the board. Baker Decl., Ex. 1. Furthermore, Auburn Ace's legal counsel provided an opinion letter to Centrum stating that Errez was acting within the scope of his authority in obtaining the loan on behalf of Auburn Ace.[3] Id., Ex. 3. Accordingly, Errez had the actual authority to bind the company to the loan.

The bankruptcy court found that Errez also had apparent authority, and the Court agrees.

---

[3] Auburn Ace notes that during the arbitration, Errez testified that despite the resolution, he still needed board approval for specific loans. The company argues that Errez is collaterally estopped from challenging that finding here. Errez, however, is not a party to this action, nor is he challenging the finding. Centrum was not a party to the arbitration and cannot be bound by the finding.

ORDER DENYING AND
DISMISSING APPEAL - 4

As Auburn Ace candidly admits, the resolution appears to have given Errez the authority to enter into a loan on behalf of the company. For purposes of this appeal, Auburn Ace concedes "that the Resolution created the appearance [that] Errez had the authority to enter into the Centrum loan." Opening Brief at p. 21. Despite that concession, Auburn Ace contends that the bankruptcy court erred because there was no evidence that Centrum actually relied on any objective manifestation of authority from Auburn Ace. Rather, it granted the loan because its title company issued title insurance.

Washington law does not require "reliance" to a party's detriment as Auburn Ace contends. Auburn Ace cites numerous out of state cases, none of which is applicable. In fact, Washington cases have held that a party can prevail if it establishes apparent authority by proving that (1) the principal made objective manifestations to a third party that caused it to subjectively, or actually, believe that the agent had authority, and (2) the third party's belief was reasonable. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 555 (2008); Udall v. T.D. Escrow Services, Inc., 159 Wn.2d 903, 913 (2007).

In this case, Auburn Ace made several manifestations of Errez's authority to enter into the loan, including giving him the title of president of the company,[4] signing the board resolution that specifically granted him the authority to enter into a loan on the company's behalf, and having its attorney draft and send to Centrum the opinion letter stating that Errez had authority to bind the company. Centrum required those documents to satisfy itself and its title insurance company that Errez had authority. Baker Decl. at ¶¶ 6, 7. Auburn Ace contends that Centrum did not rely on the documents, only the title insurer did so. However, Centrum did not make some of the funds available to Auburn Ace until after its counsel provided the opinion letter representing that Errez had the authority to bind the company. Id. at ¶ 2. Also, Centrum actually

---

[4] The fact that the principal has appointed the agent to a position that carries with it generally recognized and important duties is relevant, though not dispositive. See, e.g., Smith v. Hansen, Hansen & Johnson, 63 Wn. App. 355, 364 (1991).

ORDER DENYING AND
DISMISSING APPEAL - 5

believed that Errez had the authority to enter into the loan because its title insurance company reviewed the documents and issued a title insurance policy. Baker Dep. at p. 54 (explaining that Centrum was satisfied that Errez had authority from Auburn Ace to enter into the loan). Centrum's belief is sufficient to satisfy the requirements set forth in the case law, even if a third party actually verified Errez's authority.[5] Moreover, the title insurance company required a signed copy of the resolution; it would not have provided the title insurance without that document. Declaration of Karl Normbuena, (Dkt. #138) at ¶ 3. Undisputedly, the title insurance company was acting on Centrum's direction and on its behalf when it obtained and reviewed the documents to determine whether Errez had authority to bind the company. Those facts show that Auburn Ace cloaked Errez with apparent authority, Centrum believed he had that authority, and its belief was undisputedly reasonable.

### 2. Ratification of the Loan.

Even if Errez lacked authority to enter into the transaction, Auburn Ace ratified it. A party "ratifies an otherwise voidable contract if, after discovering facts that warrant rescission, she remains silent or continues to accept the contract's benefits." Snohomish County v. Hawkins, 121 Wn. App. 505, 510-11 (2004). "A ratifying party must have acted voluntarily and with full knowledge of the facts." Id. at 511.

In this case, Auburn Ace contends that it did nothing demonstrating an intent to affirm the loan. However, as the *Snohomish County* case shows, a party's continued acceptance of contract benefits is sufficient without any overt action. Auburn Ace clearly accepted the benefits of the Centrum loan. The vast majority of the loan proceeds were used to pay off existing Auburn Ace loans that had come due. The loan established an interest reserve to fund monthly loan payments between January and August 2007, which gave Auburn Ace an additional seven months to

---

[5] Auburn Ace argues that Centrum did not actually verify whether Errez had authority to bind the company, but Centrum was not required to do so. See, e.g., Feely Lumber Co. v. Bookstaver-Burns Lumber Co., 181 Wn. 503, 510 (1935).

ORDER DENYING AND
DISMISSING APPEAL - 6

obtain investors or another loan to enhance the property. Baker Decl. at ¶ 5. Centrum also paid the real estate taxes on the property. Despite the undisputed benefits of the loan, Auburn Ace contends that it was unaware of the loan. That argument is without merit. Both of Auburn Ace's members knew of the loan because Errez, the only member of Plan B, knew of it. Both of the Cavanaughs, the only members of Third Century, were aware of the loan by April 2007. Declaration of Ann Marshall, (Dkt. #139), Ex. I (admitting in discovery responses that the Cavanaughs knew of the loan in April 2007, then their company, Third Century, contacted Centrum and "learned the details of the loan."). Auburn Ace had the knowledge that its member entities, officers, and board members had. Cf. Bank of N.Y. v. Fremont Gen. Corp., 523 F.3d 902, 911 (9th Cir. 2008) (explaining that, generally, "the knowledge of a corporate officer within the scope of his employment is the knowledge of the corporation."). Furthermore, Auburn Ace's legal counsel provided an opinion letter in January 2007 stating that Errez was acting within the scope of his authority in obtaining the loan on behalf of Auburn Ace. In light of that evidence, Auburn Ace cannot deny that it had knowledge of the loan at least a full year before it filed its lawsuit against Centrum. Prior to that time, it made no effort to rescind the loan or notify Centrum that Errez allegedly lacked the authority to bind the company.

The fact that Auburn Ace accepted the benefits of the Centrum loan also undermines its argument that the loan was inconsistent with its LLC agreement. While that agreement's terms are relevant to the issue of Errez's authority, they are not relevant to the ratification issue.

Auburn Ace also contends that it did not ratify the contract because it lacked full knowledge of the facts. Specifically, it argues that Mr. Cavanaugh did not know that Errez had entered into other unauthorized loans, that the proceeds of the Centrum loan were used to pay off two of those loans, and that Centrum relied on its policy of title insurance, and not Errez's apparent authority, in making the loan. Auburn Ace does not identify any facts of which it was allegedly unaware, which alone dooms its argument. Even if Mr. Cavanaugh's own lack of knowledge were relevant, none of the identified facts warrants rescission of the loan, so they are

ORDER DENYING AND
DISMISSING APPEAL - 7

not material to the ratification analysis.  <u>See, e.g.</u>, <u>Snohomish County</u>, 121 Wn. App. at 511 (explaining that the relevant facts are those that warrant rescission).  Auburn Ace cannot argue that the ratification theory, which is a type of estoppel, is unwarranted between it and Centrum because Errez may have committed other misdeeds using other third parties.  Those acts are irrelevant to Auburn Ace's conduct with Centrum.  Furthermore, the fact that Auburn Ace later learned that it had a new legal theory available to it, based on Centrum's alleged lack of reliance, is similarly irrelevant.  Accordingly, Auburn Ace ratified the loan and is bound by it.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES and DISMISSES the appeal.  The Clerk of the Court is directed to send copies of this Order to all counsel of record and to the bankruptcy court.

DATED this 22nd day of March, 2010.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING AND
DISMISSING APPEAL - 8